**Robert SCHISLER, Mary Miceli, Paulette Beard, Frank Powroznik, Rose Reese, Harry Delandro, Marjorie Hilts, Cinda Coleman, Rose Mitchell and Kathran Tennant, on behalf of themselves and all other individuals similarly situated, Plaintiffs–Appellees,**

v.

**Otis R. BOWEN, Secretary of the United States Department of Health and Human Services; Barbara Blum, as Commissioner of the New York State Department of Social Services; Sidney Houben, as Director of the New York State Department of Social Services Bureau of Disability Determinations, Defendants–Appellants.**

**No. 714, Docket 87–6244.**

United States Court of Appeals, Second Circuit.

Argued Feb. 1, 1988.

Decided June 23, 1988.

Opinion on Petition for Rehearing Sept. 19, 1988.

Frank A. Rosenfeld, Attorney, Civil Div., Appellate Staff, Dept. of Justice, Washing-

ton, D.C. (Richard K. Willard, Asst. Atty. Gen., Roger P. Williams, U.S. Atty., William Kanter, Attorney, Civil Div., Appellate Staff, Dept. of Justice, Washington, D.C., of counsel), for defendants-appellants.

Catherine M. Callery, Rochester, N.Y. (Bryan D. Hetherington, Monroe County Legal Assistance Corp., Rochester, N.Y., Lewis Golinker, Frederick Stanczak, Legal Services of Cent. New York, Inc., Syracuse, N.Y., Olney Clowe, Neighborhood Legal Services, Buffalo, N.Y.), for plaintiffs-appellees.

Joan Bauer, Vermont Legal Aid, Inc., Montpelier, Vt., for plaintiffs in Aldrich v. Bowen as amici curiae.

Peter L. Zimroth, Corp. Counsel of the City of New York (Alice Morey, Alexandra S. Bowie, Attys., Corp. Counsel City of New York, New York City, of counsel), David Udell, M.F.Y. Legal Services, Inc., New York City, Nancy Morawetz, Michael Kink, Legal Intern, Washington Square Legal Services, New York City, Burt Neuborne, New York University School of Law, New York City, for New York City and the Stieberger Class as amici curiae.

Before WINTER, PRATT and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

This appeal follows proceedings in the district court subsequent to our remand in *Schisler v. Heckler*, 787 F.2d 76 (2d Cir. 1986) (*"Schisler I"*). Pursuant to that remand, the Secretary of Health and Human Services proposed a draft Social Security Ruling ("SSR") that purported to embody the "treating physician rule." Judge Elfvin made extensive revisions of this draft SSR and ordered the Secretary to issue the SSR as revised. Because the district court's revisions did no more than eliminate material outside the scope of the remand and, with two exceptions, restate our caselaw on the treating physician rule, we affirm in part and reverse in part.

This opinion assumes familiarity with our decision in *Schisler I*. Briefly stated, that decision confronted chronic problems with the Secretary's compliance with the so-

called treating physician rule. Although the Secretary had never sought to challenge this rule by petitioning for certiorari in the Supreme Court, the volume of appeals from the Secretary implicating the rule raised a serious question as to whether the Secretary was actually following the rule. *See DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937–38 (2d Cir.1984). We were specifically assured at oral argument in *Schisler I* that the then-Secretary had adopted our rule as her policy. 787 F.2d at 83. However, the volume of litigation implicating the rule made it clear that Social Security Administration ("SSA") adjudicators had no clue that the treating physician rule was the Secretary's established policy. To remedy the situation, we ordered "that SSA tell its adjudicators what it has told us about" the Secretary's adoption of that rule. *Id.* at 84.

After remand to the district court, the Secretary produced a twelve-page draft SSR entitled "Development and Consideration of Medical Evidence." The draft included, *inter alia,* several pages of legislative history, definitions of terms found elsewhere in SSA regulations, a section on the "Need for Medical Evidence" and another section on the use of "Consultative Medical Source Evidence." The proposed draft's section on "Evaluating the Evidence and Resolving Conflicts" did not begin until page nine and the statement of the treating physician rule did not appear until page ten. Many aspects of the draft SSR contained what the Secretary describes as "elaborations" on that rule. These so-called elaborations included a formulation that made the rule merely one of many factors, including the consistency of the physician's opinion with other medical reports, to be considered by the adjudicator, and a requirement that the treating physician's opinion be supported by clinical or laboratory diagnostic evidence.

The district court concluded that the proposed SSR "fails to reflect, in significant respects, the treating physician rule recognized and effective here and to be in place nationwide," and "is rambling and ambiguous, and not to a small degree unedifying

to those in the field who must make the important decisions delegated to the Secretary. There lurks in its lengthy and discursive text bases for *not* applying the treating physician rule." Accordingly, the district court edited the draft SSR, deleting for the most part material dealing with statutory background, definitions, the development of medical evidence, and the proposed requirement that treating physician's opinions be supported by clinical and/or laboratory evidence. The district court also revised the statement of the treating physician rule, largely by using language from *Schisler I.* Finally, the district court modified somewhat the SSR's definition of "treating source" and added a definition of "substantial evidence" under which "[t]he opinions of non-examining medical personnel cannot, in themselves and in most situations, constitute substantial evidence to override the opinion of a treating source."

■ On appeal, the Secretary argues that the district court exceeded its authority by undertaking to rewrite the draft SSR. He asks us to accord the draft SSR the traditional deference shown to administrative rulings and to restore it in its elaborate detail. We decline to do so and, but for certain minor changes not worthy of discussion [1] and two changes discussed *infra,* adopt the district court's deletions and revisions.

Our remand did not direct the Secretary to exercise administrative judgment on any matter other than the selection of the best means of conveying to SSA adjudicators his adoption of this circuit's treating physician rule. We deliberately limited the relief ordered in *Schisler I* so as to minimize any "intrusion on SSA processes" while mitigating what had become an abuse of judicial processes resulting from SSA adjudicators' ignorance of the treating physician rule. 787 F.2d at 84. Thus, the remand in this case was not a proper occasion for the Secretary to issue a regulation covering subjects not at issue in this litigation or to elaborate on the treating physician rule in ways not expressly authorized by our caselaw. To the extent that the Secretary seeks to issue rulings covering such subjects or to elaborate on that rule, he

should resort to the customary administrative processes. We therefore affirm the deletions made by the district court but decline to reach the merits of the positions taken by the draft SSR in the deleted portions. We have also revised the title of the SSR in order to limit it to the treating physician rule. *See* Appendix A.

Moreover, the deference traditionally shown to administrative rulings is not appropriate in view of the limited goal of the remand. So far as the choice of the means of publication are concerned, we agree with the Secretary that an SSR is appropriate. So far as the content of the SSR is concerned, the Secretary has some leeway with regard to particular language but none with regard to substance. Having taken the position that he has adopted the treating physician rule of this circuit, the Secretary is thereby bound to offer a formulation of that rule based on our caselaw. On appeal, the Secretary does not contest the fact that the revision of the formulation ordered by the district court was based directly on that caselaw. Instead, he urges upon us two changes in the district court's statement of the treating physician rule, both of which have some limited merit.

■ First, the Secretary would delete from the definition of "treating source" language stating that the physician's ongoing relationship with the claimant may be "of a short time span and [may] commenc[e] before or after the claimant has filed for disability benefits." He fears that this statement will make the treating physician rule "even more rigid and mechanical" than it already is. However, the challenged language merely insures that SSA adjudicators will focus on the nature of the ongoing physician-treatment relationship, rather than its length. *Cf. Mongeur v. Heckler,* 722 F.2d 1033, 1039 n. 2 (2d Cir. 1983) (treating physician rule does not apply where no continuous physician/patient relationship developed). Far from making the rule more rigid and mechanical, the language forbids adjudicators from resorting to a test based on a legally fixed period of time rather than inquiring into the actual nature of the physician-patient relationship.

The Secretary also argues that the challenged language may lead to special weight

---

**1.** The district court correctly eliminated the draft SSR's requirement that the treating physician's opinion be supported by clinical or laboratory evidence. We have eliminated similar language concerning medical opinions from doctors other than a treating physician.

being given to opinions of doctors who are "no more than nominally a treating physician." To avoid this danger, we have revised the language to read, "The nature of the physician's relationship with the plaintiff, rather than its duration or its coincidence with a claim for benefits, is determinative."

■ Second, the Secretary challenges the district court's addition of language on the meaning of "substantial evidence" that was taken largely from our decision in *Havas v. Bowen*, 804 F.2d 783, 786 (2d Cir. 1986). The language added by the district court states, "[t]he opinions of non-examining medical personnel cannot, in themselves and in most situations, constitute substantial evidence to override the opinion of a treating source." We agree with the Secretary.

*Havas* certainly does contain language that would justify such a statement, although the district court's addition of the qualification "in most situations" is not derived from that decision and is rather ambiguous. We believe, however, that that statement in *Havas* is dictum (for which the author takes responsibility). We therefore have deleted the sentence in question so that the SSR will contain nothing that is not clearly authorized by our caselaw.

The version of the SSR we approve is printed in full in Appendix A.

Affirmed in part, reversed in part.

## APPENDIX A

*Titles II and XVI: Consideration of the Opinions of Treating Sources*

*PURPOSE:* To clarify the Social Security Administration's (SSA) policy on developing medical evidence from treating sources and describe how SSA evaluates such evidence, including any opinion about disability, in determining whether an individual is disabled in accordance with the provisions of the Social Security Act. Particularly, this Ruling clarifies when a medical opinion by a treating source will be conclusive as to the medical issues of the nature and severity of an impairment(s) individually or collectively bearing on the claimant's ability to engage in substantial gainful activity, and indicates how the determination or decision rationale is to reflect the evaluation of evidence from a treating source.

The preferred source of medical evidence is the claimant's treating source(s). Medical evidence from a treating source is important because it will often provide a medical history of the claimant's impairment based on the ongoing treatment and physician-patient relationship with the claimant.

In addition to providing medical history, a treating source often provides an opinion about disability, i.e., diagnosis and nature and degree of impairment. Such opinions are carefully considered in evaluating disability. Although the decision as to whether an individual is disabled under the Act is made by the Secretary, medical opinions will be considered in the context of all the medical and other evidence in making that decision.

Section 223(d)(5) of the Act, as amended by the Social Security Disability Benefits Reform Act of 1984, requires the Secretary to make every reasonable effort to obtain from the individual's treating source all medical evidence, including diagnostic tests, needed to make properly a determination regarding disability, prior to evaluating medical evidence obtained from any other source on a consultative basis.

A claimant's treating source is his or her own physician, osteopath or psychologist (including an outpatient clinic and health maintenance organization) who has provided the individual with medical treatment or evaluation and who has or had an ongoing treatment and physician-patient relationship with the individual. The nature of the physician's relationship with the patient, rather than its duration or its coincidence with a claim for benefits, is determinative.

Medical evidence and opinion from claimant's treating source is important because the treating source, on the basis of the ongoing physician-patient relationship, is most able to give a detailed history and a reliable prognosis. Therefore, treating source evidence should always be requested and every reasonable effort should be made to obtain it. Treating sources should be requested to provide complete medical reports consisting of a medical history, clinical findings, laboratory findings, diagnosis, treatment prescribed and response to any treatment, prognosis, and a medical assessment; i.e., a statement of the individual's ability to do work-related activities. If the treating source provides an incomplete medical report, the adjudicator will

request the necessary additional information from the treating source. Where SSA finds that the opinion of a treating source regarding medical issues is inconsistent with other evidence in file, including opinions of other sources, the adjudicator must resolve the inconsistency, according to the principles set forth below. If necessary to resolve the inconsistency, the adjudicator will secure additional evidence and interpretation or explanation from the treating source(s) and/or consulting source(s).

Once the adjudicator has made every reasonable effort to obtain the medical evidence and to resolve all conflicts, the adjudicator must evaluate all of the evidence in file in arriving at a determination. Initially, the adjudicator must review the record to determine what is the treating source's opinion on the subject of medical disability, i.e., diagnosis and nature and degree of impairment. The adjudicator should then examine the record for conflicting evidence. Upon finding conflicting evidence, the adjudicator should compare the probative value of the treating source's opinion with the probative value of the conflicting evidence.

The treating source's opinion on the subject of medical disability—i.e., diagnosis and nature and degree of impairment—is (1) binding on the fact-finder unless contradicted by substantial evidence and (2) entitled to some extra weight, even if contradicted by substantial evidence, because the treating source is inherently more familiar with a claimant's medical condition than are other sources. Resolution of genuine conflicts between the opinion of the treating source, with its extra weight, and any substantial evidence to the contrary remains the responsibility of the fact-finder.

Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.

Where the opinion of a treating source is being rejected or overridden, there must be a discussion documented in the file of the opinion(s) and medical findings provided by the medical sources, an explanation of how SSA evaluates the reports, a description of any unsuccessful efforts to obtain information from a source(s), the pertinent nonmedical findings, and an explanation as to why the substantial medical evidence of record contradicts the opinion(s) of a treating source(s). This discussion must be set out in a determination or decision rationale.

## ON PETITION FOR REHEARING

Plaintiffs-appellees petition for rehearing in *Schisler v. Bowen,* 851 F.2d 43 (2d Cir. 1988) (*"Schisler II"*). Plaintiffs-appellees argue that we misstated our "treating physician rule" in *Schisler II* when we deleted from the SSR the district court's addition of language stating that "opinions of non-examining medical personnel cannot, in themselves and in most situations, constitute substantial evidence to override the opinion of a treating source." In reversing, we characterized this language as based solely on dictum in *Havas v. Bowen,* 804 F.2d 783, 786 (2d Cir.1986). at 46. Plaintiffs-appellees contend, however, that addition of the language in question is justified by the holding of *Hidalgo v. Bowen,* 822 F.2d 294, 297 (2d Cir.1987). We agree and order the restoration of the pertinent portion of the SSR as modified by the district court.

Granted.