James ANDERSON, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of the U.S. Department of Health and Human Services, Defendant.[1]

No. CIV–88–306E.

United States District Court, W.D. New York.

Nov. 21, 1989.

John W. Cebula, Batavia, N.Y., for plaintiff.

Jane Wolfe, Sp. Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The plaintiff brings this suit under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the denial of disability and supplemental security income ("SSI") benefits by the defendant Secretary of Health and Human Services ("the Secretary"). An administrative law judge ("the ALJ") had determined August 27, 1987 that the plaintiff was not disabled, and such finding became the final decision of the Secretary January 15, 1988 when his Appeals Council declined to review the ALJ's determination.

This matter was referred to United States Magistrate Edmund F. Maxwell pursuant to 28 U.S.C. § 636(b)(1)(B) and, upon cross-motions for summary judgment, he recommended June 6, 1989 that summary judgment be granted in favor of the Secretary. The plaintiff filed objections to the Magistrate's Report and Recommendation, and hence this court has conducted a *de novo* review pursuant to 28 U.S.C. 636(b)(1).[2]

The plaintiff argues that the record when read *as a whole* supports a finding of disability and an award of benefits, while the Secretary contends that the findings of the ALJ are based on substantial evidence and are therefore conclusive.

The plaintiff was diagnosed by his treating physician, Dr. W, as having symptoms

---

1. The defendant has been changed pursuant to Fed.R.Civ.P. rule 25(d).

2. The objections were timely filed June 16, 1989, within ten days following the filing of the Report and Recommendation. But even where objections are untimely made, a district court is not divested of its authority to alter or reject altogether a magistrate's findings. *McCarthy v. Manson,* 714 F.2d 234, 237 fn. 2 (2d Cir.1983).

of a personality disorder and of a substance use disorder. Record of Proceedings Below ("R.") at 182. He has a history of intermittent "explosive aggressive behavior" and abuse of alcohol and drugs—R. at 100, 102, 180, 186—and claims a poor work history pattern, prior alcoholism (and alcoholism treatment), present drug abuse, and aggressive impulses. R. at 58–60, 71–72, 146, 151, 163, 170–173.

A disabling personality disorder is defined under the Secretary's regulations, 20 C.F.R. § 404 Appendix 1 to Subpart P (Part A) §§ 12.08 A and 12.08 B, as a medically determinable impairment and limitation in daily functioning. The regulations are designed to ensure medical substantiation of the asserted impairment and an actual disability therefrom in performing work. Under the regulations, a person disabled by a mental disorder cannot "reasonably be expected to work." *Id.*, § 12.00.

The ALJ found the plaintiff to have had a personality disorder and a substance use disorder medically substantiated by his persistent depression, pathological aggressivity, intense unstable personal relationships, and impulsive damaging behavior. R. at 17. However, he did not consider the plaintiff to have met the section 12.08 B criteria for functional impairment. *Ibid.* Functional impairment thereunder requires a finding of sufficient severity in each of three of the following four areas:

(1) marked restriction of activities of daily living; or

(2) marked difficulties in maintaining social functioning; or

(3) deficiencies of concentration, persistence or pace; or

(4) repeated episodes of deterioration or decompensation in work or work-like settings.

The ALJ found that the plaintiff's impairments were not sufficiently severe in the requisite number of areas to meet the regulatory test of disability. R. at 20–21.

The judicial role in reviewing administrative disability determinations is limited to determining on the record as a whole whether the Secretary's decision was supported by substantial evidence. *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir., 1980). This Court is thus precluded from reviewing anew the evidence in the administrative record and making its own findings of fact based on that reading. *Bastien v. Califano*, 572 F.2d 908 (2d Cir.1978). Instead, the Secretary's decision is conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

While deference is owed to the Secretary's findings, this court may review whether the Secretary has properly evaluated the evidence in the record as a whole—*Williams by Williams v. Bowen*, 859 F.2d 255 (2d Cir., 1988)—and also may consider whether the Secretary has followed the dictates of the "treating physician rule"—*Schisler v. Heckler*, 787 F.2d 76 (2d Cir., 1986); *Schisler v. Bowen*, 851 F.2d 43 (2d Cir., 1988) (requiring that extra weight be given to the treating physician's diagnosis)—and other controlling law in this circuit.

The opinion of the ALJ shows a clear reliance on the treating physician's determinations. That physician, Dr. W, and an affiliated treating social worker opined that the plaintiff could learn a trade and was not unemployable. R. at 192, 217. Two Social Security appointed physicians concurred with Dr. W's view. Standing alone, these concurring assessments might not constitute substantial evidence because they appear so similar as to lead one to question their independence.[3] However, the Secretary also obtained corroborative medical reports and work history [information] in the form of a previous hospital treatment discharge summary and treatment visit records. R. at 170–179. Consistent with *Williams by Williams v. Bowen, supra,* the ALJ also considered contrary testimony by the plaintiff.

---

**3.** The summary notation remarks and checklist responses of the two examining physicians are almost identical, despite their assessments having been conducted three months apart, suggest-ing that the latter examiner may have been influenced by the former's report, if such was available to him.

The plaintiff argues that the record supports a finding of disability because Dr. W had listed a number of on-the-job limitations that would prevent employment in substantial gainful activity. At the least, he asserts, there is sufficient tension between Dr. W's diagnosis of impaired social functioning and aggressive behavior and his prognosis of full employability to warrant a remand to the Secretary for further fact-finding. He also argues that the ALJ's singular reliance on evidence of *physical* disabilities was erroneous in determining the plaintiff's limitations in daily living owing to his mental disability. In sum, the plaintiff argues that the evidence on the record substantially supports a finding of disability.

The plaintiff however, misconstrues the substantial evidence standard as a preponderance standard. Even where there is substantial evidence of a disability, if there is also substantial evidence indicating no disability and the Secretary has relied on such, this Court cannot overturn the administrative determination. As the United States Court of Appeals for the Second Circuit noted in *Rutherford v. Schweiker*, 685 F.2d 60, 62 (1982):

> "On an appeal such as this, we are faced with a simple reality which appellants often overlook, namely, that factual issues need not have been resolved by the Secretary in accordance with what we conceive to be the preponderance of the evidence."

In the instant case, reasonable minds might differ regarding the level of impairment associated with the plaintiff's impulse control and substance use disorders, and the degree of his social maladjustment. The mere labeling of a disorder as such does not imply disability, inasmuch as many conditions are treated by the health professions which are not necessarily disabling (e.g., smoking, mild chronic depression). Hence there was no necessary inconsistency between the treating physician's diagnosis of disorder and prognosis of employability.

While the plaintiff argues that the ALJ erred in relying on physical abilities in determining his limitations in daily living, the pertinent regulation, 20 C.F.R. § 404.1545(a), does not state that residual functional capacity need be determined on that limited basis. The regulations recognize that, while impairments may be both physical and mental, residual functional capacity concerns what a claimant can do despite these limitations. There is, therefore, no necessary connection between the nature of the claimed disability and the assessment of ability to engage in substantial gainful activity which arises from the Secretary's assessment of residual functional capacity. Here, the ALJ noted that the claimant's prior work history, involving work as a laborer, had not required performance of activities which would be precluded by his stress-related limitations. R. at 18.

This Court's assessment of the record, like that of the Magistrate, compels the finding that there was substantial evidence on the record as a whole to support a conclusion that the plaintiff was employable. The possible existence of substantial evidence on the record that might be read in furtherance of a different conclusion does not undermine such a finding.

Accordingly, it is hereby ORDERED that the Magistrate's Report and Recommendation of June 6, 1989 is confirmed and that, in accordance therewith, this action is dismissed.