**Victor COTY, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 86 Civ. 2573 (JES).**

United States District Court, S.D. New York.

June 19, 1992.

Federal Litigation Clinic, New York Law School, New York City, for plaintiff; David Stroh Buckel, Leonard J. Catanzaro, Susan M. McCarty, Legal Interns, of counsel.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, for defendant; Sapna V. Raj, Sp. Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3) (1988), seeking review of a final decision of the Secretary of Health and Human Services ("the Secretary"). Both parties cross-move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons that follow, defendant's motion is granted and plaintiff's motion is denied.

## BACKGROUND

Plaintiff, a 46 year-old Hispanic male, worked as a file clerk at Boricua College until October 1983, when he was dismissed. *See* Record ("Rec.") at 204, 209–10. Subsequently, alleging disability due to a spinal injury, plaintiff filed a claim for disability benefits under Title II of the Act and a claim for supplemental security income benefits under Title XVI of the Act. *See id.* at 32, 85–94. Both claims were denied initially and upon reconsideration. *Id.* at 36–46.[1]

Following these denials, plaintiff requested a hearing to review both applications. The hearing was held on July 30, 1985 before an Administrative Law Judge (the "ALJ"). The ALJ found that plaintiff was not under a disability, *id.* at 8–12, and the Appeals Council denied review. *Id.* at 3–4. On December 23, 1987, this Court remanded the case to the Secretary on the

ground that the ALJ had "failed to fully develop the record as required by the decisions of the Circuit." *Coty v. Bowen*, No. 86–2573, slip op. at 1 (S.D.N.Y. Oct. 23, 1987).

On March 14, 1989, a supplemental hearing was held before an ALJ. *See* Rec. at 189–295. Evidence regarding plaintiff's physical impairments was submitted by various doctors who had examined him. In addition, at this hearing plaintiff alleged for the first time that he suffers from a severe psychiatric impairment. In support of this allegation, plaintiff submitted a report from a psychiatrist, Dr. Robert Davis, who examined him on February 21, 1989. *Id.* at 337–341. Dr. Davis diagnosed a generalized anxiety disorder and opined that plaintiff's emotional state contributed to his inability to perform at a sustained level in a working environment.[2] *Id.* at 341.

In order to obtain additional evidence concerning plaintiff's alleged psychiatric condition, the ALJ remanded to the Office of Disability Determinations (the "ODD") for a consultative psychiatric examination. *Id.* at 178, 360. Plaintiff, through his attorney, requested the ALJ to amend its remand and instead seek additional psychiatric reports and records from Dr. Davis. *Id.* at 370. The ALJ, however, instructed the ODD to proceed with the examination and, accordingly, the ODD informed plaintiff's attorney that the ALJ's request for a consultative examination would be held open for two weeks. *Id.* at 364, 367. Plaintiff never appeared and the examination was canceled.

The ALJ found that plaintiff had the residual functional capacity[3] to perform his past work and consequently, denied plaintiff's claim for physical impairment. *Id.* at 181–82. In addition, the ALJ, relying in part on plaintiff's failure to attend the consultative psychiatric examination and in

---

1. Both claims were consolidated for the purpose of the administrative hearing. *Id.* at 9.

2. Plaintiff also submitted a record of treatment for depression and dysmorphic disorder for the period from March 31, 1980 though April 22, 1980. *Id.* at 332–36.

3. Residual functional capacity is the claimant's ability to perform basic work activities in spite of his exertional and nonexertional impairments. *Id.* at 180. Plaintiff's past work as an office/clerical worker was characterized by the ALJ as sedentary work. *Id.* at 182.

part on the paucity of other evidence, denied the psychiatric impairment claim. *Id.* at 179. The Appeals Council also found that plaintiff was not under a disability.[4] *Id.* at 99–107.

## DISCUSSION

■ Plaintiff first contends that the ALJ's finding that he is able to do sedentary work, which entails sitting approximately six hours out of an eight hour work day, is not supported by substantial evidence because Dr. Burton Sheryll found that he is incapable of prolonged sitting. However, Dr. Sheryll did not find that plaintiff is incapable of prolonged sitting, but stated only that plaintiff should avoid prolonged sitting or walking until he could be re-evaluated. *Id.* at 73. In addition, although plaintiff has subjective complaints of pain which support his contention that he suffers from a physical impairment, and which the ALJ expressly considered, *id.* at 180–82, the Social Security Act provides that an "individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability," and that there must be "medical signs and findings ... which show the existence of a medical impairment." 42 U.S.C. § 423(d)(5)(A) (1988).

Moreover, the balance of the record supports the ALJ's conclusion. According to Dr. Abdul Malah, a treating physician, plaintiff is capable of sitting continuously for two hours at a time with frequent standing for up to three hours in an eight hour work day. *Id.* at 181, 355. In addition, a medical expert testified that plaintiff's pain does not appear to be a significantly limiting factor and that he is capable

of alternately sitting or standing for an eight hour work day.[5] *Id.* at 181. Furthermore, sedentary work involves lifting no more than ten pounds on occasion, which plaintiff testified he is capable of doing and which Dr. Malah concluded plaintiff was able to do. *Id.* at 227, 355. Based on the foregoing, this Court concludes that the ALJ's finding that plaintiff was capable of performing his past relevant work, which was sedentary in nature, is supported by substantial evidence.

■ Next, plaintiff contends that the ALJ erroneously sought medical evidence from a consultative physician without first obtaining additional evidence from Dr. Davis, a physician who had examined plaintiff on one prior occasion. *Id.* at 337. Specifically, plaintiff argues that the consultative examination was ordered in violation of 42 U.S.C. § 423(d)(5)(B).

Section 423(d)(5)(B) provides in part:

In making any determination, the Secretary shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis.

Although "treating physician" is not defined in the Act, a definition of treating physician is found in *Schisler v. Bowen,* 851 F.2d 43 (2d Cir.1988), where the Court stated that a claimant's treating source is one "who has provided the individual with medical treatment or evaluation and who has or had an ongoing treatment and physi-

---

**4.** The Appeals Council divided its analysis into periods prior to December 31, 1984 and periods subsequent to that date because on that date plaintiff last met the special disability insured status provisions of Title II of the Act, and thus plaintiff had to prove he was disabled on or before that date to be eligible for disability insurance benefits. *Id.* at 104. The Council addressed the period subsequent to December 31, 1984 with respect to plaintiff's claim for supplemental security income under Title XVI.

**5.** Although the Secretary has ruled that an individual who can "sit for a time, but must then get

up and stand or walk for a while" is not capable of doing the prolonged sitting contemplated in the definition of sedentary work, the Secretary did not clarify the length of sitting time he was referring to. *See* Social Sec.Rep. 83–10, at 61. Moreover, the Secretary has also ruled that sedentary work requires approximately six hours of sitting and two hours of standing, which plaintiff is capable of doing as evidenced by the report of Dr. Malah and the testimony of the medical expert at the hearing. *See* Social Sec. Rep. 83–10, at 51.

cian-patient relationship with the individual." *Id.* at 46 (Appendix A). Since, under this definition, Dr. Davis is not a treating physician, the ALJ was not required to obtain additional medical evidence from Dr. Davis prior to examining evidence from other sources.

Nor is the Court persuaded that 20 C.F.R. § 416.917(a) (1991), when taken in connection with section 423(d)(5)(B), imposed upon the Secretary the obligation to seek information from Dr. Davis first, even assuming, as the Court has found, that he was not plaintiff's treating physician, prior to ordering a consultative examination. That section provides: "If your medical sources cannot give us sufficient medical evidence about your impairment for us to determine whether you are disabled ..., we may ask you to take part in physical or mental examinations or tests." 20 C.F.R. § 416.917(a).

It is clear from this language that this regulation places no limitations on the Secretary's power to seek additional medical evidence where plaintiff's evidence is inadequate to resolve his disability claim. Indeed, this regulation specifically authorizes precisely what the Secretary did in this case. The Court, therefore, can find no rational basis to conclude that this broad power could have in any way been impaired by a statute enacted four years later, which by its terms, applies only to an obligation to seek information from a treating

physician before seeking other medical evidence. Thus, this section is broad enough to encompass any physical or mental examination deemed necessary in view of the insufficiency of the information previously supplied by the plaintiff.

Finally, plaintiff, relying on a report issued by the Department of Health and Human Services (the "Department"), asserts that even if he did not have "good reason" for not appearing at the consultative examination, pursuant to 20 C.F.R. § 416.918,[6] the Secretary's decision must be reversed because the Secretary failed to review the evidence and render a decision on the merits.[7]

However, the ALJ clearly reviewed the evidence supporting plaintiff's claim while also taking into consideration that plaintiff failed to attend the consultative examination. In addition, the Appeals Council expressly held that there was substantial evidence to support the ALJ's findings of no impairment for the period prior to December 31, 1984. Moreover, the Council's opinion, states that the Council had "carefully considered the evidence pertinent to the issue of disability after December 31, 1984," and then comments, "in this regard," that plaintiff had failed to attend the examination. Since a consultative examination would only be ordered where the information supplied by plaintiff was inadequate to assess the claim, it is clear that

---

**6.** 20 C.F.R. § 416.918, in pertinent part, provides:

(a) *General.* If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind....

(b) *Examples of good reasons for failure to appear.* Some examples of what we consider good reasons for not going to a scheduled examination include—

(1) Illness on the date of the scheduled examination or test;

(2) Not receiving timely notice of the scheduled examination or test, or receiving no notice at all;

(3) Being furnished incorrect or incomplete information, or being given incorrect information about the physician involved or the time or place of the examination or test, or;

(4) Having had death or serious illness occur in your immediate family.

**7.** In response to a public comment received by the Department regarding the particular adverse consequences under § 416.918 for failure to attend a consultative examination, the Department stated: "[W]e must, of course, make the disability determination on the basis of whatever evidence is available to us. Since we usually send a person for a consultative examination when the evidence we already have is not sufficient to show disability, the refusal to go to the examination could result in our determining that the person is not disabled." 45 Fed.Reg. 55573 (August 20, 1980). Since this statement is a reasonable interpretation of the Department's regulations, judicial deference is required. *United States v. Larionoff,* 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); *Falk v. Secretary of the Army,* 870 F.2d 941, 946 (2d Cir.1989).

the Appeals Council did in fact find that the evidence submitted was insufficient to support the claim without the additional information to be supplied by that examination.

## CONCLUSION

Accordingly, defendant's motion for judgment on the pleadings is granted and plaintiff's cross-motion is denied.

It is SO ORDERED.