28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sammie Z. NUTT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7064.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This matter comes before the court on plaintiff's petition for rehearing. After consideration, we grant the petition for rehearing and now consider plaintiff's appeal on the merits.
 
 
 4
 Plaintiff appeals from an order of the district court affirming the denial of his application for supplemental security income by the Secretary of Health and Human Services under Title XVI of the Social Security Act. Plaintiff argues that the Secretary's decision is not supported by substantial evidence when the record as a whole is considered, and that the Secretary did not follow the proper legal standards in evaluating the evidence.
 
 
 5
 Plaintiff applied for supplemental security income with a protective filing date of March 5, 1990, claiming disability since April 1986 because of mental problems and back pain. He was born in 1947, and was forty-three years of age at the time of the hearing before the Administrative Law Judge (ALJ). Plaintiff has a tenth grade education and past relevant work experience as a small engine mechanic.
 
 
 6
 We must uphold the ALJ's decision if it is supported by substantial evidence in the record, Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987), substantial evidence being "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(citation omitted). We have thoroughly reviewed the record, and we hold that it contains substantial evidence supporting the ALJ's disability determination.
 
 
 7
 The ALJ followed the five-step process established by the Secretary for evaluating disability claims, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), and he determined that neither plaintiff's exertional nor his nonexertional impairments prohibited him from performing his past relevant work. Plaintiff claims that the ALJ erred in rejecting the opinion of plaintiff's treating physician, Dr. Brixey, in making that determination. Consistent with our holding in Frey, the ALJ gave specific and legitimate reasons for rejecting Dr. Brixey's opinion that plaintiff's mental condition prevented him from working. See Frey, 816 F.2d at 513. Dr. Brixey's own progress notes, which were made over the period of time he was treating plaintiff, conflict with the later opinion rendered in connection with plaintiff's disability claim. The progress notes indicate continuous improvement in mental condition, while the forms filled out by Dr. Brixey for purposes of this claim indicate otherwise. The ALJ specifically considered the conflict and found Dr. Brixey's progress notes to be more reliable.
 
 
 8
 Plaintiff also claims error in the ALJ's determination that plaintiff can return to his past relevant work. Plaintiff described his work as a small engine mechanic as heavy, but the vocational expert testified that, as the job is generally performed in the national economy, the work is classified as medium. The ALJ acted properly in considering the work as performed in the national economy, as opposed to how it was performed by plaintiff, when he determined that plaintiff had the residual functional capacity for medium work and, therefore, that he was capable of returning to work as a small engine mechanic. See Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1051 (10th Cir.1993).
 
 
 9
 Finally, the ALJ rejected plaintiff's claims of the severity of his pain, and plaintiff alleges error. The ALJ did consider plaintiff's subjective allegations of pain in conjunction with the objective evidence relating thereto, and he found that plaintiff was prohibited from heavy lifting. The ALJ found that plaintiff's allegations of severe, constant pain were inconsistent with the objective medical findings and signs. See Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir.1988). The record supports the ALJ's determination.
 
 
 10
 The judgment of the District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 ORDER AND JUDGMENT[2]
 
 11
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 
 12
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 13
 Plaintiff appeals from an order of the district court affirming the denial of his application for supplemental security income by the Secretary of Health and Human Services under Title XVI of the Social Security Act. Plaintiff argues that the Secretary's decision is not supported by substantial evidence when the record as a whole is considered, and that the Secretary did not follow the proper legal standards in evaluating the evidence.
 
 
 14
 Plaintiff has failed to provide us with the administrative record. Consequently, we are unable to undertake the review necessary to determine whether the district court was correct in its finding that substantial evidence exists to support the Secretary's denial of benefits, and whether the evidence presented to the Administrative Law Judge was evaluated under the proper legal standards.[3] We must, therefore, DISMISS plaintiff's appeal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [3]
 Plaintiff's counsel filed an appendix to his brief that included an "abstract of the evidence," which summarizes testimony and evidence referred to in plaintiff's brief. For obvious reasons, we decline to treat plaintiff's evidence summary as a substitute for the actual and complete administrative record