104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Cynthia TOLES, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-6065.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 1
 APPEARING FOR APPELLANT:Aba Heiman, Scheine, Fusco, Brandenstein & Rada, P.C., Woodbury, N.Y.
 
 
 2
 APPEARING FOR APPELLEE:Varuni Nelson, Asst. U.S. Atty., Brooklyn, N.Y.
 
 
 3
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 4
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 5
 Cynthia Toles appeals from the District Court's December 20, 1995, judgment granting the Social Security Commissioner's motion for judgment on the pleadings. Toles contends that the District Court erred in finding that substantial evidence contradicted the opinions of her treating physicians and supported the Commissioner's determination that appellant was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 401-433.
 
 
 6
 Toles originally applied for disability insurance benefits in March 1990, claiming total disability resulting from degenerative disc disease. An administrative law judge in the Social Security Administration initially concluded in August 1991 that Toles was not under a disability. The Appeals Council vacated this decision and remanded for further consideration of, among other things, the opinions of Toles's treating physicians. After a supplemental hearing, the ALJ issued a second decision in August 1993, again concluding that appellant was not disabled. The Appeals Council upheld this determination and explicitly noted that the ALJ had considered the opinions of Toles's treating physicians and properly found substantial evidence contradicting those opinions. Toles subsequently filed suit in the District Court seeking review of the Commissioner's final determination pursuant to 42 U.S.C. § 405(g).
 
 
 7
 Under section 405(g) of the Act, this Court does not review the administrative record de novo but rather considers only whether "substantial evidence" supports the Commissioner's factual findings. See Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir.1990). Where such evidence exists, this Court may not substitute its own judgment as to the facts, even if a different result could have been justifiably reached upon de novo review. Brown v. Bowen, 905 F.2d 632, 638 (2d Cir.1990), cert. denied, 498 U.S. 1093 (1991).
 
 
 8
 Under either the "treating physician rule," established by this Circuit in cases such as Schisler v. Bowen, 851 F.2d 43, 47 (2d Cir.1988), or the regulation subsequently adopted by the Commissioner, 20 C.F.R. § 404.1527(d)(2), substantial evidence exists in the record to allow the Commissioner to reject the opinions of Toles's treating physicians and to find that she was not disabled. First, neither of Toles's two treating physicians produced much evidence justifying their assessment of appellant's condition. Although Dr. Phillips completed many barebones workers' compensation forms, he provided only one report describing Toles's condition in any detail. Appellant's other physician, Dr. Goldberg, not only failed to examine her until after the expiration of her period of eligibility for disability benefits, but also produced only one short report describing appellant's condition. Neither doctor, moreover, sufficiently explained why Toles's back problem resulted in total disability even for sedentary employment.
 
 
 9
 Second, the Commissioner found ample evidence either not supporting or directly contradicting the findings of Toles's treating physicians. An EMG taken shortly after the onset of appellant's alleged injury, for instance, indicated normal results. Subsequent X-rays and MRIs also revealed no evidence of disc bulge or herniation. Additionally, several doctors retained by the workers' compensation provider and the Social Security Administration reached conclusions inconsistent with those of Drs. Phillips and Goldberg. They found, for instance, that Toles suffered merely a temporary total disability, that she exaggerated the extent of her disability during physical examinations, that she has a sprained lower back resulting in partial, temporary disability, or that she suffers from a mild form of radiculopathy. No doctor other than appellant's treating physicians concluded that she was totally disabled as a result of her back injury.
 
 
 10
 Finally, the ALJ's determination was buttressed by his finding that Toles's subjective complaints were not credible. Specifically, the ALJ noted that appellant's own description of her daily activities was inconsistent with her claim of total disability, that one doctor suggested that appellant exaggerated her symptoms when she was aware that she was being observed, and that a one-year hiatus in seeking treatment belied her claim that her injury was causing her disabling pain. The ALJ's credibility determination is entitled to substantial deference by this Court. See Mimms v. Heckler, 750 F.2d 180, 186 (2d Cir.1984).