STATE OF NEW YORK on Behalf of Theresa HOLLAND, Plaintiff–Appellee,

v.

Louis W. SULLIVAN, M.D., Secretary of Health & Human Services, Defendant–Appellant.

No. 564, Docket 90–6181.

United States Court of Appeals, Second Circuit.

Argued Dec. 7, 1990.

Decided Feb. 25, 1991.

58

Robert E. Wanerman, Asst. Regional Counsel, New York City (Stuart M. Gerson, Asst. Atty. Gen., Anthony J. Steinmeyer, New York City, Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., on the brief), for defendant-appellant.

Lenore B. Browne, Asst. Atty. Gen. (Robert Abrams, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Peter G. Crary, Asst. Atty. Gen., New York City, on the brief), for plaintiff-appellee.

Before KAUFMAN, NEWMAN, and WINTER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The Secretary of Health and Human Services appeals from the April 8, 1990, judgment of the District Court for the Northern District of New York (Howard G. Munson, Judge), directing that Medicare benefits be calculated and paid to the State of New York on behalf of Theresa Holland. The issue on appeal is whether the Secretary was entitled to deny Medicare coverage for Holland's hospitalization on the ground that inpatient hospital care was not "reasonable and necessary," within the mean-

ing of 42 U.S.C. § 1395y(a)(1)(A) (1988). In conformity with the recent decision of this Court in *New York ex rel. Stein v. Secretary of Health and Human Services*, 924 F.2d 431 (2d Cir.1991) (hereafter *"Stein"*), we vacate the decision of the District Court and remand with instructions to return the matter to the Secretary for further findings.

### Background

Holland, a 77–year–old Medicare claimant, was admitted to Helen Hayes Hospital, a New York State rehabilitation hospital in West Haverstraw, New York, after being transferred from another hospital to which she had been admitted after suffering her second stroke. Her attending physician signed the admission request form, and the Utilization Review Committee (URC) at Helen Hayes approved her stay. Holland remained at Helen Hayes for about five weeks. While there, she participated in a program of physical therapy.

The hospital submitted a claim for Medicare hospital insurance benefits, which was rejected, first administratively and then following a hearing before an administrative law judge. Ultimately, the Appeals Council approved the rejection of coverage on the ground that inpatient hospitalization had not been necessary. The costs of hospitalization were imposed on the hospital on the ground that it should have known that Medicare coverage was not available for Holland's stay at Helen Hayes.

New York then filed this action in the District Court. The matter was referred to Magistrate Judge [1] Ralph W. Smith, Jr., for a report and recommendation. The Magistrate Judge recommended that benefits be awarded on the ground that a decision in favor of hospitalization, made jointly by an attending physician and a URC, is binding on the Secretary. The District Court, accepting this so-called dual certification rule, adopted the report of the Magistrate Judge.

### Discussion

The Secretary may not provide reimbursement for services that are "not rea-

---

1. The new title for magistrates was specified by Congress in section 321 of the Judicial Improve-

ments Act of 1990, Pub.L. 101–650, 104 Stat. 5089, 5117 (1990).

sonable and necessary" for diagnosis or treatment of illness or injury. 42 U.S.C. § 1395y(a)(1)(A). The determination of whether services are reasonable and necessary includes a decision as to the setting where the services are to be rendered, for example, on an inpatient basis in a hospital or skilled nursing facility, as an outpatient, or in the patient's home. *See New York ex rel. Bodnar v. Secretary of Health and Human Services*, 903 F.2d 122, 125 (2d Cir.1990) (hereafter *"Bodnar"*). The Secretary has promulgated specific criteria to guide the determination as to whether it is reasonable and necessary to provide rehabilitation services in an inpatient hospital setting. *See Health Care Financing Administration Ruling 85–2*, 50 Fed.Reg. 31,040 (July 31, 1985) (hereafter "HCFAR 85–2"). The basic inquiry is whether the "patient needs a relatively intense rehabilitation program that requires a multidisciplinary coordinated team approach to upgrade his ability to function." *Id.* ¶ A. Coverage will be provided both for a brief period of assessment and for the rendering of rehabilitation services. HCFAR 85–2 identifies eight criteria, all of which are to be met in the determination that a patient needs rehabilitation services on an inpatient hospital basis. These include, among other things, "[c]lose medical supervision by a physician with specialized training or experience in rehabilitation," "[t]wenty-four hour rehabilitation nursing," "[a] relatively intense level of physical therapy or occupational therapy," and "[a] multidisciplinary team approach to the delivery of the program." *Id.* ¶ D(1), (2), (3), (4). Objective standards are set forth for determining whether some of these criteria have been met. For example, "close medical supervision" by a rehabilitation physician is defined to mean involvement with the patient "at least every 2–3 days during the patient's stay." *Id.* ¶ D(1).

Though the Secretary's attempt to provide precise guidance for those who must process vast numbers of claims is commendable, it must be recognized that overly refined adherence to regulatory standards drafted for the generality of situations may fail to carry out basic legislative purposes in specific situations. For exam-

ple, a physician attending a rehabilitation patient every 2–3 days might elect to forgo a visit during a brief interval in which he prefers to see how the patient does on a modified regime, before making the decision whether to transfer to a skilled nursing home or to discharge to the patient's home. The fact that the entirety of HCFAR 85–2 might not be satisfied each day of a patient's stay must be sensibly balanced against the reality that a patient's health is not benefited nor are health costs saved by precipitous moves that must be reversed when complications develop. Of course, where the services actually provided substantially depart from those designated in HCFAR 85–2, the Secretary may reject coverage.

With these considerations in mind, we review the Secretary's rejection of coverage in this case. Initially, we agree with the Secretary that his rejection of coverage may not be set aside simply because it is at variance with the joint assessment of the attending physician and the URC. As we recently ruled in *Bodnar*, "We read the dual certification requirement as a necessary first step for reimbursement, but not binding as to the Secretary's interpretation of what is 'reasonable and necessary.' " 903 F.2d at 125.

In determining whether the Secretary fairly applied the criteria of HCFAR 85–2 to Holland's hospital stay, we are hampered by the lack of any findings by the ALJ or the Appeals Council that relate these criteria to her treatment. The ALJ does not even mention HCFAR 85–2, and the Appeals Council, though citing it, does not apply its criteria. As we recently observed, "When a rule sets forth specific criteria, as HCFAR 85–2 does, the Secretary's determination must contain an application of the criteria to the particular facts of the case." *Stein, supra*, at 433. The failure to do so may not be remedied, as the Government seeks to do, by arguments in its brief that cite the pertinent criteria and endeavor to show which ones were not met. The application of an agency's regulation is a task of administration, not litigation. Advocacy may point out that a regulation was correctly applied, but it cannot substitute for the failure of those respon-

sible for exercising informed judgment to make the application in the first instance.[2] As in *Stein,* we will direct a remand to the Secretary so that the necessary findings may be made.

Finally, we will also follow *Stein* in leaving for the Secretary's initial consideration the issue of whether the treating physician rule, applicable to disability cases, *see Schisler v. Bowen,* 851 F.2d 43 (2d Cir. 1988), applies to Medicare coverage determinations. Though the considerations bearing on the weight to be accorded a treating physician's opinion are not necessarily identical in the disability and Medicare contexts, we would expect the Secretary to place significant reliance on the informed opinion of a treating physician and either to apply the treating physician rule, with its component of "some extra weight" to be accorded to that opinion, *id.* at 47, or to supply a reasoned basis, in conformity with statutory purposes, for declining to do so. Thereafter, we can decide whether the administrative determination accords with statutory requirements. *See Stein, supra,* at 434.

The judgment of the District Court is vacated, and the case is remanded with directions to remand to the Secretary for further proceedings in conformity with this opinion.

---

**2.** In at least one respect, the Government's advocacy illustrates the perils of attempting to substitute for administrative application of the pertinent regulation. The Government argues that a single weekend visit that the hospital permitted Holland to spend with her daughter "unambiguously confirms that Ms. Holland did not need inpatient hospital care." Brief for Appellant at

21 (footnote omitted). However, the regulation specifies that home visits "would not alone be a basis for concluding that further hospital care is not required" though "occasional home visits and other trips into the community are factors in determining whether continued stay in the hospital is necessary." HCFAR 85–2 ¶ D(8).