Laurence SCHWEITZER,
Petitioner–Appellant,

v.

DEPARTMENT OF VETERANS AF-
FAIRS, Michael Serniak, Fred
Wright, Thomas Kosten, Jeffrey Lust-
man and Paul McCool, Respondents–
Appellees.

No. 01–6067.

United States Court of Appeals,
Second Circuit.

Nov. 26, 2001.

Norman A. Pattis, New Haven, CT, for petitioner-appellant.

Brenda M. Green; John A. Danaher III, Jeffrey A. Meyer on the brief, New Haven, CT, for respondents-appellees.

Present MINER, STRAUB, and PARKER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Laurence Schweitzer, M.D. appeals from a judgment entered in the United States District Court for the District of Connecticut (Alvin W. Thompson, Judge) dismissing his complaint. Because we find that Schweitzer has failed to state a cause of action against the defendants under the doctrine of *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), we affirm the judgment of the District Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Schweitzer was employed as a psychiatrist by the Department of Veterans Affairs ("VA") for several years before his termination on November 18, 1998. In April of 1997, Schweitzer was transferred to a VA hospital in Bridgeport, Connecticut. Schweitzer objected to this transfer and complained about the decision to the defendants.

In October 1997, Schweitzer was notified by Thomas Kosten and Jeffrey Lustman, both VA physicians, that they had reviewed Schweitzer's files and discovered irregularities in the manner in which he prescribed prescription medications. On June 18, 1998, Schweitzer was informed that Paul McCool, a VA administrator, had rescinded Schweitzer's privilege to prescribe medications. Although Schweitzer retained medical experts who concluded that there was nothing wrong with the way he prescribed medications, he was not permitted to resume working. In November 1998, Schweitzer's contract with the VA expired and was not renewed. Schweitzer then appealed the actions of the defendants within the VA administrative process. While the appeal was pending, the defendants reported to Schweitzer's former colleagues that he was suspended for suspected professional malpractice and provided negative information to at least three potential employers. In August 1999, the VA made a formal determination upholding the charges against Schweitzer.

Schweitzer filed a complaint in the United States District Court for the District of Connecticut on November 2, 1999 seeking monetary and injunctive relief against VA and the five individual defendants. The complaint alleged, inter alia, that the defendants defamed Schweitzer and tortiously interfered with his ability to obtain employment in violation of his due process rights. In addition, the complaint alleged that the defendants's actions constituted retaliation against Schweitzer with an intent "to chill the plaintiff in the exercise of his First Amendment rights." These federal claims were brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(c), 2671–2680, and the doctrine of *Bivens*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619. Finally, Schweitzer contends that the complaint also sets forth several state law tort claims.

The District Court, on February 21, 2001, dismissed Schweitzer's complaint, concluding that the FTCA did not recognize Schweitzer's claims against the individual defendants and against the VA, because "the exclusive remedy under the FTCA is against the United States of America." *Schweitzer v. Dep't of Veterans Affairs,* No. 3:99CV02148, Ruling on Motion to Dismiss (D.Conn. Feb. 21, 2001). Moreover, the court concluded that Schweitzer could not sustain a cause of action under Bivens because neither defamation nor tortious interference rise to the level of a constitutional violation. Finally, the court concluded that Schweitzer had failed to state a cause of action under state law and dismissed the complaint in its entirety. This timely appeal followed.

DISCUSSION

On appeal, Schweitzer does not challenge the District Court's dismissal of his FTCA claims. Instead, Schweitzer focuses on his contention that the defendants violated his due process rights by defaming his reputation to potential employers after his contract with the VA was not renewed. In addition, Schweitzer contends that the District Court abused its discretion by dismissing with prejudice his state law claims.

I. Constitutional Claims

Actions for damages are generally not available against the United States, federal agencies, or individual officers of the United States. In 1971, however, the Supreme Court held that the victim of a Fourth Amendment violation by federal officers could bring suit for money damages against the officers in federal court. See *Bivens,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619. So-called "Bivens actions" for damages against federal officers have subsequently been permitted for violations of the Due Process Clause of the Fifth Amendment, *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and the Cruel and Unusual Punishments Clause of the Eighth Amendment, *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). In each of these cases, as in Bivens itself, the Court found that there were no "special factors counseling hesitation in the absence of affirmative action by Congress," no explicit statutory prohibition against the relief sought, and no alternative statutory remedy. See *Passman,* 442 U.S. at 246–47, 99 S.Ct. 2264. And in its most recent decisions, the Supreme Court has "responded cautiously to suggestions that Bivens remedies be extended into new contexts." *FDIC v. Meyer,* 510 U.S. 471, 484, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (quoting *Schweiker v. Chilicky,* 487 U.S. 412, 421, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)).

 Turning to Schweitzer's specific claims, we find that the District Court correctly dismissed his claims against the VA because Bivens affords a remedy against only federal officials and precludes actions against federal agencies. See *id.* at 485–86, 114 S.Ct. 996 (stating that "the purpose of Bivens is to deter the officer" and concluding that "[a]n extension of Bivens to agencies of the Federal Government is not supported by the logic of Bivens").

 We also find that Schweitzer's defamation claim against the individual defendants was properly dismissed. As held by the Supreme Court in a case factually indistinguishable from the case at bar, "defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." See *Seigert v.. Gilley,* 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Schweitzer's defamation claim is therefore not actionable under Bivens and is at most a state law tort claim; as discussed below, such a

claim was rightfully dismissed by the District Court.

We have also examined Schweitzer's other alleged federal claims and find them to be without merit for substantially the reasons set forth in the judgment of the District Court. Accordingly, we uphold the District Court's dismissal of Schweitzer's federal claims.

## II. State Law Claims

■■■ Schweitzer's final argument is that the District Court abused its discretion when it reached the merits of his state law claims and dismissed them with prejudice. The court should have, Schweitzer contends, simply declined to exercise supplemental jurisdiction over the state claims after dismissing the federal claims. This would have allowed Schweitzer to refile the state claims in state court. We find this argument unavailing. First, the District Court did not err by retaining jurisdiction over Schweitzer's state law claims. Title 28 U.S.C. § 1367(c)(3) provides a district court with discretion to retain jurisdiction over a claim supported only by supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. See also 16 James W. Moore et al., Moore's Federal Practice § 106.66[16–106 ] (3d ed 2001). Second, the District Court did not abuse its discretion in considering the merits of the state claims. Neither fairness nor judicial efficiency would have been furthered if the District Court had declined to address the merits of the state claims, since the court merely applied settled law and did not resolve any "novel or unsettled issues of state law." *Mauro v. S. New Eng. Telcomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000) (upholding a district court's decision to retain jurisdiction over supplemental state claims after the sole federal cause of action had been dismissed, where declining jurisdiction over state law claims "would have furthered neither fairness nor judicial efficiency" and the state causes of action did not require the district court "to resolve any novel or unsettled issues of state law"). Having properly reached the merits of the state claims, the District Court correctly concluded that the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1), "provides [federal] government employees with immunity against claims of common-law tort," so long as the employee was acting within the scope of his employment. *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir.1991). As Schweitzer conceded in his complaint that the defendants were acting within the scope of their employment, any state law tort claims alleged in his complaint must fail.

Accordingly, we affirm the judgment of the District Court.