Kathleen CALEF, o/b/o Heather Calef, Plaintiff,

v.

Jo Anne B. BARNHART, as Commissioner of Social Security, Defendant.

No. 00 CV 5943(ADS).

United States District Court, E.D. New York.

March 24, 2004.

Kassoff, Robert, Lerner & Robert, LLP., Rockville Centre, NY (Charles Robert, of Counsel), for the Plaintiff.

Roslynn R. Mauskopf, United States Attorney Eastern District of New York, by Vincent Lipari, Assistant United States Attorney, Central Islip, NY, for the Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Kathleen Calef (the "plaintiff") commenced this action on behalf of her daughter Heather Calef ("Heather"), pursuant to the Social Security Act, 42 U.S.C. § 405(g) (the "Act"), seeking review of a final administrative determination of the Commissioner of the Social Security Administration (the "Commissioner") which determined that the disbursements to the plaintiff from a Supplemental Needs Trust ("SNT") constituted unearned income reducing Heather's supplemental security income ("SSI") benefits.

Presently before the Court are (1) the Commissioner's motion for judgment affirming its decision and its motion to dismiss the plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (2) the plaintiff's cross-motion for a remand.

## I. BACKGROUND

Since June 1992, the plaintiff has received SSI benefits on behalf of her daughter Heather who had been rendered disabled. On October 15, 1998, the plaintiff filed a petition to the Supreme Court of the State of New York, County of Suffolk to transfer a putative tort settlement into a SNT fund. The petition requested, among other things, that the SNT be amended to provide the plaintiff with monthly stipends in the sum of $1,000 because she could not work steadily because of her daughter's medical needs.

On December 17, 1998, the Court of Claims of the State of New York issued an Infant's Compromise Order which settled the state court action. The Infant's Compromise Order provided, in part, for an initial payment of $437,377.45 to the plaintiff as trustee of a SNT on behalf of Heather. On March 1, 1999, the Supreme Court of Suffolk County entered an order and judgment appointing the plaintiff co-guardian for property management and guardian of the personal needs of Heather. The court ordered that the plaintiff be paid an amount of $1,000 per month from the SNT as a stipend. On March 19, 1999, the plaintiff and the other co-guardian executed the amended SNT, which was then submitted, together with the court order, to the Social Security Administration ("SSA").

On September 30, 1999, SSA determined that the plaintiff's monthly stipend of $1,000, which she began receiving in March 1999, was unearned income and should have been "deemed" or attributed to Heather. As a result, SSA concluded that these payments reduced Heather's SSI payments to a sum of $63 per month from her regularly monthly payment of $523 and that she received an overpayment in the sum of $2,300 from May 1999 through September 1999 because of the monthly unearned income of $1,000 received by the plaintiff.

The plaintiff requested reconsideration, arguing that her monthly stipend was

earned income and that Heather's SSI benefits were therefore correct. On October 15, 1999, the Commissioner issued a reconsideration decision which stated, in relevant part:

> You have requested that we reconsider our determination that the monthly stipend of $1000.00 you receive from Heather Calef's Supplemental Needs Trust is unearned income. Your Reconsideration Request states that it is earned income. To qualify as "earned" income, income must be from wages or employment. The stipend is not a wage, as you are Heather's custodial parent, not her employee. She does not have the authority to direct your work. You are not self-employed as your minor child's caregiver. As you are receiving neither a wage, nor income from self-employment, the stipend you receive from the trust fund is "unearned." Our prior decision regarding this matter is affirmed.

On October 25, 1999, the plaintiff requested a hearing before an administrative law judge ("ALJ"). In her application, the plaintiff argued that her monthly stipend was earned income because she was employed by Heather and was paid by Heather's SNT. On January 28, 2000, ALJ Sy Rayner conducted a hearing at which the plaintiff was represented by counsel. At the hearing, the plaintiff testified that in 1999 her daughter's SSI benefits were in the amount of $523 per month until SSA reduced the benefit amount to $63 a month because of the monthly stipend she was receiving from Heather's SNT. The plaintiff argued that the stipend is a salary paid to her for services rendered to her daughter. As such, she stated that the monthly stipend should be characterized as earned income and not unearned income. In a decision dated February 8, 2000, the ALJ reversed the reconsideration decision and determined that the plaintiff's monthly sti-

pend of $1,000 was earned income because the plaintiff received the stipend from the SNT for services that she performed on Heather's behalf that a hired caretaker would be paid to perform.

On March 30, 2000, the Appeals Council advised the plaintiff of its intent to review, on its own motion, the ALJ's decision under the error of law provision pursuant to 20 C.F.R. §§ 416.1469 and 416.1470. In a letter dated June 6, 2000, the Appeals Council notified the plaintiff of its intention to find the monthly stipend constituted as unearned income for deeming purposes, and it offered the plaintiff an opportunity to respond. On August 10, 2000, the Appeals Council issued the Commissioner's final decision, finding that the plaintiff's monthly stipend from the SNT was not earned income because it was neither wages nor self-employment income.

The plaintiff then commenced this action on October 3, 2000. In the complaint, the plaintiff alleged that, (1) the Commissioner breached the Due Process Clause of the Constitution by denying the plaintiff SSI benefits without providing notice with citations to the applicable regulations and the standards used in computing benefits as required by *Ford v. Shalala,* 87 F.Supp.2d 163 (E.D.N.Y.1999); (2) the Commissioner has a policy and practice of not acquiescing to state court orders, thereby violating Executive Order 12612; (3) the Commissioner has breached her "duty of care that the laws be faithfully executed" by implementing a "nonacquiescence policy whereby he does not follow the holding in *Christensen v. Harris,* 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) that a letter-opinion by Executive Branch counsel does not have the force of law"; (4) the Commissioner has violated the "the Equal Protection clause of the Constitution by denying the severely disabled plaintiff SSI benefits because her

Guardian-mother has been paid compensation to be her caretaker and provide for all of the plaintiff's activities of daily living, rather than a third party being paid compensation to be her caretaker and provide care of all of the plaintiff's activities of daily living"; (5) the Commissioner "implemented an arbitrary and capricious policy and practice not to apply his own earned income regulations by not including Court ordered compensation for providing all of the activities of daily living for a severely disabled minor child as being considered 'earned' income"; and (6) the Commissioner "violated the federal statutory rights of the plaintiff and thereby committed a 'Bivens' tort." The plaintiff seeks, among other things, an award of full benefits retroactive to the initial date of her application and an order directing the Commissioner to comply with the *Ford* order, Executive Order 12612, and the *Christensen* holding.

The Commissioner now moves for judgment on the pleadings affirming the final decision by the SSA and to dismiss the plaintiff's complaint for failure to state a claim. The plaintiff moves for a remand.

## II. DISCUSSION

### A. Standard of Review

■ To review the Commissioner's decision, the Court must determine whether (1) the Commissioner applied the correct legal standard, *see Tejada v. Apfel,* 167 F.3d 770, 773 (2d Cir.1999); and (2) the decision is supported by substantial evidence, *see* 42 U.S.C. § 405(g); *Brown v. Apfel,* 174 F.3d 59, 61–62 (2d Cir.1999). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Rather, substantial evidence requires enough evidence that a reasonable person "might accept as adequate

to support a conclusion." *Brown,* 174 F.3d at 62–63.

■ In determining whether the Commissioner's findings are supported by substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting interferences can be drawn." *Id.* at 62 (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1038 (2d Cir.1983) (per curiam)). In addition, new evidence submitted to the Appeals Council may be considered as part of the record for the purpose of judicial review. *Brown v. Apfel,* 174 F.3d 59, 62 (2d Cir.1999).

■ Furthermore, the Court is mindful that "it is up to the agency, and not this court, to weigh the conflicting evidence in the record." *Clark v. Commissioner of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998). Indeed, in evaluating the evidence, " 'the court may not substitute its own judgment for that of the Secretary, even if it might justifiably have reached a different result upon de novo review.' " *Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (quoting *Valente v. Secretary of Health & Human Servs.,* 733 F.2d 1037, 1041 (2d Cir.1984)).

### B. The Commissioner's Motion for Judgment On the Pleadings

■ With regard to the motions before the Court, the sole issue to be decided is whether the plaintiff's monthly stipend of $1000 from Heather's SNT fund was properly characterized as unearned income for purposes of Heather's eligibility for SSI benefits. The Commissioner argues that, because the plaintiff failed to show that her monthly stipend of was earned income as defined in the regulations, such stipend was properly treated as unearned income for purposes of SSI eligibility.

The SSI program provides monthly benefits to aged, blind or disabled individuals

whose income and resources do not exceed certain limits. 42 U.S.C. § 1382(a)(1). An eligible claimant is paid a flat monthly benefit rate reduced by the amount of non-excludable income received by such individual or deemed to such individual. 42 U.S.C. §§ 1382(b)(1) and 1382a(b); *see also* 20 C.F.R. Part 416, subpart K. Such income is anything that the SSI recipient receives in cash or in kind that can be used to meet her needs for food, clothing and shelter. 20 C.F.R. § 416.1102. Income therefore is a "major factor" in calculating SSI benefits or in determining whether a claimant is entitled to such benefits. 20 C.F.R. § 416.1100.

To calculate a child's SSI benefits, the Act provides:

> **For purposes of determining eligibility for and the amount of benefits for any individual who is a child under age 18, such individual's income and resources shall be deemed to include any income and resources of a parent of such individual (or the spouse of such a parent) who is living in the same household as such individual, whether or not available to such individual, except to the extent determined by the Commissioner to be inequitable under the circumstances.**

42 U.S.C. 1382c(f)(2)(A); *see also* 20 C.F.R. §§ 416.1160(a)(2), 416.1160(b)-(d), and 416.1165. Thus, the income of a parent living in the same household is deemed to be the income of the child. "Deemed income" is someone else's income that has been considered received whether or not that income is actually made available to the SSI claimant.

The regulations separate income into two categories: earned income and unearned income. 20 C.F.R. § 416.1104. The deemed income may be earned or unearned income. *See* 20 C.F.R. § 416.1165(a). Earned income includes wages and net earnings from self-employ-

ment. 20 C.F.R. § 416.110(a), (b). In determining the effects of earned income on an SSI claimant's eligibility, SSA counts the total amount paid as wages, subject to the exclusion of earned income enumerated in 20 C.F.R. § 416.1112 and the Appendix to 20 C.F.R. § 416, subpart K; *see* 42 U.S.C. § 1382a(b). If earned income is deemed applicable to a child, SSA deducts a sum of $65 from the amount of earned income and then subtracts one-half of that amount. *See* 20 C.F.R. § 416.1165(d)(2).

In contrast, unearned income is defined as "all income that is not earned income" such as "support and maintenance furnished in cash or in kind." 42 U.S.C. 1382a(a)(2)(A). The regulations define in kind support and maintenance as "any food, clothing, or shelter that is given to you or that you receive because someone else pays for it." 20 C.F.R. § 416.1130(b). With respect to a child, SSA totals the amount of the parent's unearned income (less the $20 general exclusion) and the remaining earned income, and then deducts the SSI benefit rate. 20 C.F.R. § 416.1165(d)(3). The remaining amount of the parent's income is deemed to be income to the child. 20 C.F.R. § 416.1165(e)(1). Significantly, the exclusions for earned income are much greater than for unearned income.

In this case, the plaintiff does not dispute the Commissioner's decision that income must be deemed to Heather. Instead, the plaintiff merely asserts that her monthly stipend should be characterized as earned income, not unearned income, in computing the amount of her income being deemed to her daughter.

It is undisputed that pursuant to a state court order, Heather's mother receives a monthly stipend of $1,000 from Heather's SNT. To establish that her monthly stipend of $1,000 is earned income, the plaintiff was required to show that the stipend

is either net earnings from self-employment or wages. 20 C.F.R. § 416.1110. The plaintiff argues she is self-employed in caring for her daughter. The regulations define net earnings from self-employment as "gross income from any trade or business that you operate, less allowable deductions for that trade or business.... These are the same net earnings that we would count under the social security retirements insurance program and that you would report on your Federal income tax return." 20 C.F.R. § 416.1110(b). The record reveals that the plaintiff failed to establish that she was engaged in a trade or business or that she reported the stipend as self-employment income on her federal tax returns.

Nor did the plaintiff demonstrate that her stipend is wages. The regulations define wages as payments made to an individual for working as someone else's employee. 20 C.F.R. § 416.1110(a). An "employee" is regarded as anyone who has the status of employee under the "usual common law rules." 42 U.S.C. § 410(j)(2). Under the regulations, "you are a common law employee if the person you work for may tell you what to do and how, when, and where to do it." 20 C.F.R. § 404.1007(a). Among the factors that may show employee status are the following:

(1) **The person you work for may fire you.**

(2) **The person you work for furnishes you with tools or equipment and a place to work.**

(3) **You receive training from the person you work for or are required to follow that person's instructions.**

(4) **You must do the work yourself.**

(5) **You do not hire, supervise, or pay assistants (unless you are employed as a foreman, manager, or supervisor).**

(6) **The person you work for sets your hours of work, requires you to work full-time, or restricts you from doing work for others.**

(7) **The person you work for pays your business or traveling expenses.**

(8) **You are paid by the hours, week, or month.**

20 C.F.R. § 404.1007(b).

The Appeals Council properly concluded that the plaintiff was not employed by her daughter under the common law rules because she did not demonstrate that her daughter or her daughter's SNT instructed her in the how, when, or where of her tasks or directed her actions as to which chores or activities to perform. Indeed, the plaintiff failed to demonstrate any of the employer-employee characteristics set forth in 20 C.F.R. § 404.1007(b). Thus, the plaintiff's monthly stipend was neither net earnings from self-employment nor wages from employment, As such, the Commissioner's conclusion that the monthly stipend constitutes unearned income for deeming purposes is supported by substantial evidence.

## C. The Plaintiff's Motion for a Remand

### 1. The Due Process Claim

■ The plaintiff claims that the Commissioner violated the due process clause of the Fifth Amendment of the United States Constitution because Heather was denied SSI benefits without written notice of the standards used in computing benefits, as required by *Ford v. Shalala,* 87 F.Supp.2d 163 (E.D.N.Y.1999). In requesting that the case be remanded, the plaintiff asserts that the Commissioner has "affirmatively decided to participate in the *Ford* nonacquiescence policy whereby the SSA Commissioner has the ongoing authority to change the legal standards relied upon when denying benefits at any time during the appeal process in direct

defiance of Judge Sifton's unappealed *Ford* decision."

In *Ford*, the court held that SSI applicants were denied due process of law because the Commissioner's notices sent to them failed to identify the provision of federal law, federal regulation, or POMS citation that were applied in determining whether to grant or deny, change, or terminate benefits. *Id.* at 180. The Court finds that the plaintiff's reliance on *Ford* is misplaced.

The final judgment in *Ford* specifies that the remedy of the class members is the modification of future notices regarding initial eligibility decisions. The *Ford* decision does not concern a remand of pending court cases where final agency decisions have already been rendered. *Id.* at 185; *see Hecht v. Barnhart*, 217 F.Supp.2d 356, 360 (E.D.N.Y.2002) ("The final judgment in the Ford case specifies that the class members' remedy is the modification of future notices. Therefore, the decision in Ford does not compel this Court to remand this case so that the SSA can provide Plaintiff with a statement containing the citations upon which the SSA relied in reducing his benefits"). Furthermore, as the Commissioner points out, the plaintiff appealed the notices and pursued her administrative remedies with regard to the standards applied in computing her benefits. The final decision contained the legal citations applicable to the SSA's calculation of Heather's benefits. The plaintiff was afforded due process in all respects. Accordingly, the plaintiff's request for a remand based on a due process claim for the purpose of obtaining a new notice with citations is denied.

## 2. The Executive Order

■ The plaintiff also contends that the Commissioner has failed to comply with Executive Order 12612 because she has a policy and practice of not acquiescing to state court decisions. The plaintiff seeks a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g) to provide the SSA with an opportunity to comply with this Executive Order. It is well-established that no private right of action exists to enforce obligations imposed on executive branch officials by executive orders. *Zhang v. Slattery*, 55 F.3d 732, 747 (2d Cir.1995). Rather, an executive order is privately enforceable only if it is issued pursuant to a statutory mandate or delegation of congressional authority. *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1336 (4th Cir.1995). In fact, Executive Order 12612 states:

> This Order is intended only to improve the internal management of the Executive branch, and is not intended to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States, its agencies, its officers, or any person.

Exec. Order No. 12612, 52 FR 41685 (Oct. 26, 1987). Accordingly, because Executive Order 13217 provides no right of judicial review, the plaintiff's request for a remand on this basis is denied.

## 3. The *Christensen* Holding

■ In the complaint, the plaintiff further claims that the Commissioner breached its duty to "take care that the laws be faithfully executed" by implementing "a policy based on the letter-opinion of Executive Branch counsel," thereby "not acquiescing to the Supreme Court's [holding in *Christensen v. Harris*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000)]. . . ." In *Christensen*, the Supreme Court held that agency interpretations contained in "policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law[,] do not warrant Chevron-style deference."

The plaintiff does not address this claim in her brief and, thus, it is waived because the Court can only guess as to its meaning. Moreover, on the merits, the record reveals that the Commissioner's determination neither referred to nor relied upon, "a letter-opinion by an Executive Branch counsel." Accordingly, this claim is dismissed.

### 4. The Equal Protection Claim

■ In addition, the plaintiff alleges that the Commissioner violated "the Equal Protection clause of the Constitution by denying the severely disabled plaintiff SSI benefits because her Guardian-mother has been paid compensation to be her caretaker and provide for all the plaintiff's activities of daily living, rather than a third party being paid compensation to be her caretaker and provide care of all of the plaintiff's activities of daily living."

■ The SSA's classifications used in determining the level of benefits to which SSI recipients are entitled are subject to rational basis review. *Ellis v. Apfel*, 147 F.3d 139, 144 (2d Cir.1998) (citing *Mathews v. de Castro*, 429 U.S. 181, 185, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976)). The statute and regulations upon which the classifications are based must be upheld if they "have a rational basis and do not engage in invidious discrimination, regardless whether flaws may be found in their logic." *Id.* (internal quotations and citation omitted).

In this case, the plaintiff objects to SSA's classification distinguishing between income paid to the parent, which is subject to deeming, and income paid to a non-parent, which is not subject to deeming. However, the plaintiff fails to explain why this classification is unsupported by a rational basis. In addition, as stated by one court: "In announcement of the final deeming regulations, the Secretary traced the deeming concept to 'the long social and

legislative history' reflecting the parents' responsibility to support their children. This traditional responsibility accords a rational basis to Congress' decision to deem the income of a parent but not, for example, of an aunt or uncle." *Kollett v. Harris*, 619 F.2d 134, 139–140 (1st Cir.1980) (citing to 43 Fed.Reg. 39565 (Sept. 6, 1978)). Accordingly, the Court finds that a rational basis exists in distinguishing between income paid to the parent and income paid to a non-parent. Thus, the plaintiff's equal protection claim is dismissed.

### 5. The Arbitrary and Capricious Claim

■ The plaintiff contends that the Commissioner "has implemented an arbitrary and capricious policy and practice not to apply [her] own earned income regulations by not including Court ordered compensation for providing all of the activities of daily living for a severely disabled minor child as being considered 'earned' income." Notably, the plaintiff's brief does not set forth the basis of this claim. Furthermore, as previously discussed, the record shows that the Commissioner followed the regulations and that the conclusions are supported by substantial evidence in the record and are based on correct standards. Accordingly, the plaintiff's arbitrary and capricious claim is dismissed.

### 6. The Bivens Claim

■ The complaint alleges that the Commissioner has "violated the federal statutory rights of the plaintiff and thereby committed a 'Bivens' tort." Again, the plaintiff does not elaborate on this claim in her brief, leaving the Court only to surmise as to its meaning. In any case, the Commissioner is correct in asserting that Bivens does not afford a remedy against

federal agencies. *Schweitzer v. Dept. of Veterans Affairs,* No. 01 CV 6067, 23 Fed. Appx. 57, 59, 2001 U.S.App. LEXIS 25383, at *5 (2d Cir. Nov. 26, 2001) (citing *FDIC v. Meyer,* 510 U.S. 471, 484, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)). Thus, the Bivens claim is dismissed.

### 7. Another Request for Remand

 The plaintiff further requests a remand to have an opportunity to administratively challenge the application of the legal standards applied by the Commissioner. In support of her request, the plaintiff cites to the Rooker–Feldman doctrine, which provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's rights." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). The Court finds that this doctrine has no applicability to the present case, as SSA did not lose in the state courts.

The plaintiff also relies heavily on *New York State o/b/o Holland v. Sullivan,* 927 F.2d 57 (2d Cir.1991), in which the Secretary of Health and Human Services denied medicare coverage for a plaintiff's hospital stay. In *Holland,* the Secretary had promulgated specific criteria to determine eligibility for this coverage. 927 F.2d at 58. The Second Circuit determined that based on the record it was unclear as to whether the ALJ or the Appeals Council relied on this criteria in determining the plaintiff's eligibility. *Id.* at 59. Thus, the court held that when a rule sets forth specific criteria, the "Secretary's determination must contain an application of the criteria to the particular facts of the case." *Id.*

Here, as discussed above, the record reveals that the Commissioner relied on the correct legal standards and criteria in computing the plaintiff's eligibility for SSI benefits. Accordingly, the plaintiff's request for a remand is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Commissioner's motion for judgment affirming its decision and dismissing the plaintiff's complaint is **GRANTED**; and that it is further

**ORDERED,** that the plaintiff's motion for a remand is **DENIED**; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**